**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| La Estancia 525 LLC, | No. CV-23-00487-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendant State of Arizona's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 20.) The Motion has been fully briefed, and the Court heard oral argument on September 4, 2024. (Docs. 22, 25.) As discussed below, the Court will dismiss the Complaint because the Eleventh Amendment bars Plaintiff's claims.

**I.     Background**

Plaintiff La Estancia 525 LLC is an Arizona limited liability company and is the beneficiary of a trust that holds title to real property ("the Property") in Pima County, Arizona. (Doc. 1 at 1–2.) The Property is located at the northwest intersection of Interstate 10 ("I-10") and Kolb Road and is a part of a larger planned commercial development called "La Estancia." (*Id*. at 2.) Plaintiff brought this action alleging that the Arizona Department of Transportation ("ADOT") impaired its use of the Property by, *inter alia*, refusing to approve development plans that may interfere with proposed highway plans and requiring Plaintiff to waive its property rights to gain access to the Property via public roads. (*Id*. at

3–4, 6–7, 12.) Plaintiff asserts that ADOT's actions constitute a taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution. (*Id*. at 3, 8, 12.)

Plaintiff purchased its interest in the Property in 2009 and alleges that it holds "fee title" rights to the Property, as well as property, contractual, and common law rights to "one or more right-of-way easements or other conveyances to the State and ADOT for the construction and maintenance of the Highway." (*Id*. at 3, 4.) Plaintiff alleges that "[t]he Property is part of a planned area development approved pursuant to Arizona Revised Statutes and hard zoned and designated for commercial use under Arizona law and ordinances and regulations of the City of Tucson." (*Id*. at 2.) Plaintiff further alleges it has an economic interest in the Property's future commercial development that depends upon "reasonable direct access to and from" I-10 Frontage Road and Kolb Road. (*Id*. at 4.)

According to the Complaint, ADOT issued a Final Design Concept Report ("Concept Report") in 2020 that proposed possible new access to I-10, which, if implemented, would impact access to the Property from I-10 Frontage Road and Kolb Road. (*Id*. at 4–5.) The Concept Report is "merely conceptual" and was not selected for inclusion in ADOT's five-year plan. (*Id.* at 4.) Nonetheless, Plaintiff alleges ADOT notified it and other landowners that ADOT will refuse to process or approve any development plans impacted by the Concept Report, a practice that Plaintiff asserts reflects ADOT's general pattern of "thwart[ing] development of land." (*Id*. at 6–7.) Even if ADOT approved its plan for the Property, Plaintiff alleges ADOT would only grant a one-year revocable license for access to state highways and roadways. (*Id.* at 6.)

Furthermore, Plaintiff alleges that ADOT requires Plaintiff to consent to its Encroachment Permit Application to access the public roads from the Property. (*Id.*) Plaintiff asserts that this revocable permit unlawfully requires Plaintiff to waive and forfeit existing property rights and other rights.[1] (*Id*. at 6–8.)

---

[1] In so asserting, Plaintiff directs the Court to Paragraphs 7 and 16 of ADOT's Encroachment Permit Application. Paragraph 7 directs that the permittee shall "[r]emove the encroachment and restore repair the portions of the right-of-way that were damaged as a result of the encroachment to substantially the same condition as existed prior to the damage if ADOT cancels the encroachment permit, and terminates all rights under the permit, or if the project terminates for any reason beyond ADOT's control." (Doc 1-3 at

Count I of the Complaint seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Arizona's Uniform Declaratory Judgment Act, Arizona Revised Statute ("A.R.S.") § 12-1831, declaring the parties' rights and obligations in the Property and declaring ADOT's Encroachment Permit Application unlawful. (*Id*. at 9–12.) Count II of the Complaint seeks just compensation for the "temporary and/or permanent taking" of the Property as an inverse eminent domain action pursuant to the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. (*Id*. at 13–14.)

In its Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction over all claims because the State of Arizona and ADOT are entitled to sovereign immunity under the Eleventh Amendment and no exception applies. (Doc. 20 at 3.)

## II. Discussion

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek dismissal for lack of subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). While sovereign immunity is "quasi-jurisdictional" in nature, a Rule 12(b)(1) motion is an appropriate vehicle for invoking sovereign immunity from suit. *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017); *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Thus, once a defendant has asserted sovereign immunity pursuant to Rule 12(b)(1), "'the party asserting subject matter jurisdiction has the burden of proving its existence,' i.e. that immunity does not bar the suit." *Pistor*, 791 F.3d at 1111 (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)).

### A. ADOT has sovereign immunity under the Eleventh Amendment and is immune from this suit.

"The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). The Eleventh

---

3.) Paragraph 16 directs that the permittee shall "[u]nderstand that once issued, the permit is revocable and subject to modification or abrogation by ADOT at any time, without prejudice." (*Id.*) Notably, however, Plaintiff has not identified—neither in its briefing nor when pressed at oral argument—how these specific encroachment permit provisions result in a waiver or forfeiture of its "existing property rights" in the right-of-way.

Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The parties do not dispute that ADOT is a department of the State of Arizona. Accordingly, unless an exception to its sovereign immunity applies, Plaintiff's claims against ADOT are barred by the Eleventh Amendment.

The Court retains jurisdiction only where: (1) Congress has abrogated a state's immunity pursuant to its lawmaking powers conferred by the U.S. Constitution, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000); (2) a state has waived its Eleventh Amendment immunity by consenting to suit, *Coll. Sav. Bank Fla. v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) a plaintiff sues a state official in his or her official capacity for prospective injunctive relief under the *Ex Parte Young* doctrine, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996). None of these exceptions apply here.

First, Plaintiff has not pointed to any congressional waiver of ADOT's immunity. "Congress may . . . abrogate state sovereign immunity under the Fourteenth Amendment," however, it must do so "with the requisite clarity." *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 500 (2021) (citing *Nev. Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721, 726 (2003) ("Congress may . . . abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.")). Plaintiff contends that ADOT's acceptance of federal funds for the Interstate Highway System is contingent on the State's compliance with federal law and therefore is an "express and/or implied waiver[]" of immunity. (Doc. 22 at 2 n.1.) However, Plaintiff admits that it has not

identified any specific document or provision to support this assertion.[2] (*Id.*)

Further, in Count II, Plaintiff attempts to bring an inverse condemnation claim against ADOT seeking just compensation for the alleged taking. (Doc. 1 at 13–14.) However, the Eleventh Amendment bars Fifth Amendment inverse condemnation claims against a state brought in federal district court. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008) ("[T]he State may be sued in its own courts (but not in federal court) for damages arising from violation of a self-executing constitutional clause."). "[S]tate courts must . . . be available to adjudicate claims brought under the federal Takings Clause." *Id.* at 954–55. As noted by the Supreme Court, "[a]s long as just compensation remedies are available . . . injunctive relief will be foreclosed." *Knick v. Twp. of Scott*, 588 U.S. 180, 205 (2019). Here, Arizona allows for inverse condemnation actions in state court to recover just compensation for violations of the Takings Clause.[3] *See* A.R.S. §§ 28-7102, 28-7052; Ariz. Const. art. 2, § 17. Plaintiff therefore fails to adequately allege that Congress abrogated the State's immunity.[4]

Second, the State of Arizona has not consented to this suit in federal court. The "test

---

[2] In a tacit response to this fatal failing, Plaintiff argues it needs an opportunity to conduct discovery to see whether a congressional waiver exists, without alleging facts to support such a conclusion. (Doc. 22 at 2 n.1.) Said differently, Plaintiff seeks leave to pursue this suit against ADOT so that it can determine whether it can, in fact, pursue the suit. This is an improper use of discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (to "unlock the doors of discovery," the Complaint must first allege facts allowing the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged).

[3] At oral argument, Plaintiff alleged it had inadequate state law remedies, and the Court granted additional briefing on the matter. (Docs. 33, 34.) Having reviewed and considered Plaintiff's supplemental briefing, the Court is unpersuaded. The State acknowledges that Plaintiff cannot utilize A.R.S. § 28-7102 to recover just compensation in this case because Plaintiff's allegations are based on ADOT's publishing of the Concept Report and "the State never adopted a resolution concerning Plaintiff's property" as required by § 28-7102 to bring a claim. (Doc. 34 at 2.) Nonetheless, if a taking has occurred, other mechanisms for recovering just compensation are available in state court. *See* A.R.S. § 28-7052; ARIZ. CONST. art. 2 § 17.

[4] The other statutes that Plaintiff identifies, such as 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, also do not waive ADOT's immunity. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979) (Congress did not abrogate Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (a § 1983 claim against a State or against an "arm of the State" should be dismissed because a State is not a "person"); *see also Brownell v. Ketcham Wire & Mfg. Co.*, 211 F.2d 121, 128 (9th Cir. 1954) (the Declaratory Judgment Act is not a waiver of sovereign immunity but "merely grants an additional remedy in cases where jurisdiction already exists in the court.").

for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quotation omitted). "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute" and "may not be implied." *Id.* Here, no Arizona statute waived its immunity for Plaintiff's claims.

Third, the *Ex parte Young* doctrine does not apply to ADOT. The *Ex parte Young* exception to the Eleventh Amendment permits actions brought by a plaintiff seeking prospective declaratory or injunctive relief against a state official for an ongoing violation of federal law. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013). Here, ADOT is not a state official and therefore the *Ex parte Young* doctrine does not apply. The Court need not assess this exception further as it relates to ADOT.

Because Plaintiff has not plausibly alleged an exception to ADOT's immunity, ADOT is immune from this suit and the Court lacks subject matter jurisdiction over Plaintiff's claims against ADOT.

### B. Plaintiff did not allege an *Ex parte Young* claim against ADOT Director Jennifer Toth.

Plaintiff failed to explicitly name Director Toth as a defendant in its Complaint and failed to allege any facts as to Toth apart from its allegation that Toth is the ADOT Director. (*See* Doc. 1 at 2.) In its Response to the Motion to Dismiss, Plaintiff asserts, for the first time, that it seeks "declaratory and prospective relief concerning the Director's practices and requirements."[5] (Doc. 22 at 6.) However, even in its Response, Plaintiff again failed to allege facts connecting Director Toth to the allegedly unlawful practices. (*See id.*) Plaintiff, therefore, did not name any proper defendant for purposes of the *Ex parte Young* exception. *See* Fed. R. Civ. P. 8(a).

---

[5] Plaintiff also asserts in its Response that "the Director, or other persons acting as agents of ADOT, are liable individually for damages and losses." (Doc. 22 at 7.) Plaintiff's references to Director Toth in its Response appear to be a reaction to Defendant's position that Plaintiff failed to name her in its Complaint. (*See* Doc. 20 at 2, 3.) Notwithstanding this notice, however, other than Plaintiff's newly minted, generalized references to Director Toth, Plaintiff still fails to allege facts to support such claims.

- 6 -

Plaintiff had the opportunity to amend its Complaint as a matter of course and did not do so. *See* Fed. R. Civ. P. 15(a)(1). Nor did Plaintiff file leave to amend to properly name Director Toth or allege specific facts to support a claim against her. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff's Response does state that "to the extent the Court concludes that the allegations in the Complaint do not provide necessary details or factual statements to support its claims, La Estancia requests leave to amend to supplement the Complaint." (Doc. 22 at 9.) However, at no point has Plaintiff stated how it would amend the Complaint to plead plausible allegations against Director Toth.[6]

The Court further emphasizes that amendment is futile because, even if Plaintiff had named Director Toth, its claims would fail. In Count I, Plaintiff seeks declaratory relief, which it alleges in its Response is pursuant to *Ex parte Young*.[7] (Doc. 22 at 2, 6.) "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (internal quotations omitted). Here, Plaintiff did not allege an ongoing violation of federal law because equitable remedies for violations of the Takings Clause are precluded when state remedies for just compensation are available. *See Knick*, 588 U.S. at 205. Further, *Ex parte Young* is "inapplicable in a suit against state officials on the basis of state law." *Pennhurst*, 465 U.S. at 106.

Likewise, Count II would fail against Director Toth because Plaintiff is seeking "just compensation," which is not prospective relief and thus barred by the *Ex parte Young* doctrine. Specifically, reverse condemnation actions cannot qualify as claims for prospective relief. *Seven Up Pete Venture*, 523 F.3d at 956. "A remedy for past injury, even if it purports to be an injunction against state officers requiring future payment of money,

---

[6] The Court notes that substantial briefing in this case has been conducted without Plaintiff successfully alleging a plausible claim. "Judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).
[7] Plaintiff did not allege claims under the *Ex parte Young* doctrine in its Complaint.

is barred because relief 'inevitably come[s] from the general revenues of the State . . ., and thus . . . resembles far more closely [a] monetary award against the State itself,' which is forbidden under the Eleventh Amendment." *Id.* Count II could therefore not proceed against Director Toth.[8]

### III.   Conclusion

The Eleventh Amendment bars Plaintiff's claims against the State of Arizona, and no amendment would cure this deficiency. *Frigard v. United States*, 862 F.3d 201, 204 (9th Cir. 1988) (while "[o]rdinarily a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court," because "the bar for sovereign immunity is absolute," dismissal with prejudice is permitted). Further, Plaintiff has not alleged that it can plead facts that would cure the deficiencies in the Complaint to state a plausible claim against Director Toth pursuant to the *Ex parte Young* exception. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (a court may dismiss without leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal") (citation omitted). Thus, the Court dismisses Plaintiff's claims against Defendant with prejudice and without leave to amend.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. (Doc. 20.)

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall docket accordingly and close the case.

Dated this 27th day of September, 2024.

Honorable Angela M. Martinez
United States District Judge

---

[8] Count II would also fail as to Plaintiff's 42 U.S.C. §1983 theory because Director Toth is not a person under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (a state official acting in his or her official capacity is not a person under § 1983).